UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60220-CR-MORENO/GARBER

UNITED STATES OF AMERICA,

v.

ANTYONE DEVON PHILIPE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from Chief United States District Judge Federico A. Moreno.  Pursuant to such reference, the Court has received the defendant Philipe's Motion for Sentence Modification Pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. §2D1.1 [DE 54][1] and the government's response, agreeing that the defendant's guidelines applicable to his case have been lowered from a 168-210 month range to a 120-150 month range. The defendant is represented by Hector A. Dopico, Assistant Federal Public Defender; the government is represented by Assistant United States Attorney Robin W. Waugh.

## DISCUSSION

The defendant, at his sentencing pursuant to then effective Sentencing Guidelines, was determined to have a guideline range of 168-210 months imprisonment.  The Court sentenced him to 204 months imprisonment as to Count 1, denying him the benefit of an acceptance of responsibility, followed by 5 years of supervised release.  The sentence of 204 months was inclusive of the mandatory minimum sentence of 120 months imprisonment.

---

[1] The defendant, prior to the appointment of the Federal Public Defender, had filed a *pro se* Motion for Reduction of Sentence, etc. [DE 47].  The current Motion now under consideration will also consider the *pro se* Motion of the defendant.

In August of 2010, the Fair Sentencing Act was signed into law by President Obama, which, *inter alia*, reduced the 100-1 powder to crack ratio to 18-1. Emergency Amendments were adopted by the Sentencing Commission and took effect on November 1, 2010.

On April 6, 2011, the Sentencing Commission adopted a permanent amendment that implemented the requirements of the Fair Sentencing Act, also permitting such amendments to be applied retroactively, and establishing November 1, 2011 as the effective date of retroactivity.

As a result of such amendments by the Sentencing Commission, the defendant's revised guideline range was determined to be 120-150 months. Such conclusion is based upon the newly established base level for 94 grams of cocaine base of 26, with a criminal history category of VI. The defendant, in his Motion, seeks the vacating of his previous sentence of 204 months to a sentence of 120 months, the low end of the current guidelines.

The government, although agreeing that the Amended Guidelines are applicable to the defendant, argues that the defendant should not be sentenced at a level below his current guideline range of 120-150 months.

The defendant has attached to his *pro se* Motion a letter to the Court wherein he states his acceptance of responsibility for his criminal offense. He advises that while in prison he obtained his GED high school diploma, attended an anger management course, and participated in other programs offered by the prison. He has also attached various Inmate Skills Development Plan documents all reflecting favorable conduct, participation in institution programs, and no disciplinary problems.

The Court has considered the factors set forth in 18 U.S.C. § 3553(a) in determining whether the defendant should receive a reduction of his sentence. The undersigned finds that such factors are not applicable to the defendant. The Court further finds that the defendant's custodial conduct and

efforts at education and rehabilitation are noteworthy and should be favorably considered by the Court in its ultimate ruling on the Motions now before the Court. Further, if the Amended Guidelines had been in effect at the time of the defendant's sentencing, his Guideline range would have been 120-150 months.

All issues raised in the defendant's *pro se* Motion have been considered and are resolved by this Court's Report and Recommendation.

### **RECOMMENDATION**

For reasons set forth above and based upon the Court's review of the record, and consideration of the submissions of the parties, the undersigned respectfully

RECOMMENDS that the defendant Antyone Devon Philipe's Motions for Reduction of Sentence, in the Court's discretion, should be GRANTED and that his sentence be reduced to between 120-150 months. The defendant's sentence should not be reduced to a level below the range of 120-150 months.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with Chief United States District Judge Federico A. Moreno. See 28 U.S.C. §636. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 14th day of December, 2011.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE